UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ARTHUR LEWIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No.  4:12CV2304  TIA |
| | ) |
| CAROLYN W. COLVIN, | ) |
| ACTING COMMISSIONER OF | ) |
| SOCIAL SECURITY, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant's Motion to Reverse and Remand (ECF No. 22). The suit involves applications for child disability insurance benefits under Title II of the Social Security Act and for supplemental security income under Title XVI of the Act. The parties consented to the jurisdiction of the undersigned pursuant to 28 U.S.C. § 636(c).

**Procedural History**

On October 15, 2008, Plaintiff protectively filed an application for child's disability insurance benefits. (Tr. 20) Plaintiff also filed an application for supplemental security income. on November 14, 2008. (Tr. 20, 165-84) He alleged disability beginning April 26, 2005 based on Bipolar, ADD, Impulse Control Behavior, Learning Disorder, and Depression. (Tr. 82, 178) The applications were denied, and Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). (Tr. 79-87, 147-49) After a March 16, 2010 hearing, the ALJ issued a Decision on August 26, 2010, finding that Plaintiff was not under a disability from April 26, 2005 through the date of the decision. (Tr. 20-71) On October 16, 2012, the Appeals Council denied

Plaintiff's Request for Review.  (Tr. 1-3)  Thus, the ALJ's decision is the final decision of the Commissioner.

## Discussion

On December 14, 2012, Plaintiff filed this civil action for judicial review of the Commissioner's final decision, and the Commissioner filed her Answer on March 7, 2013.  On August 28, 2013, Defendant filed a Motion to Reverse and Remand pursuant to sentence four of 42 U.S.C. § 405(g).

In the Motion, Defendant asserts that, after careful review of Plaintiff's complaint, agency counsel requested that the Social Security Administration Appeals Council reconsider the Commissioner's decision.  Upon review, the Appeals Council determined that remand was appropriate for further consideration.  In addition, Defendant avers that upon receipt of the Court's remand order, the Appeals Council will remand the case to the ALJ and direct the ALJ to offer Plaintiff a new administrative hearing and issue a new decision.

Two sentences in 42 U.S.C. § 405(g) govern remands.  Shalala v. Schaefer, 509 U.S. 292, 296 (1993); Melkonyan v. Sullivan, 501 U.S. 89, 96 (1991).  Defendant requests a remand under sentence four, which states that upon review of Social Security determinations, "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with our without remanding the cause for a rehearing."  Sentence four requires substantive ruling on the correctness of the administrative decision.  Melkonyan, 501 U.S. at 98; Buckner v. Apfel, 213 F.3d 1006, 1010 (8th Cir. 2000).  Further, case law suggests that a district court should conduct a plenary review of the entire record before entering a judgment affirming, modifying, or reversing

the Commissioner's decision with or without a remand order.  See Schaefer, 509 U.S. at 297; Buckner, 213 F.3d at 1010.[1]

The undersigned has reviewed the record in light of Defendant's assertions in his motion to remand.  Because the Appeals Council has agreed that remand is warranted, little discussion is necessary.  However, it is worth noting that Plaintiff has raised several points of error in his Brief in Support of the Complaint, including failure to fully develop the record, failure to apply res judicata, and failure to properly consider opinion evidence, and failure to properly consider Plaintiff's failure to follow prescribed treatment.

In light of Defendant's motion, the case will be reversed and remanded for further consideration.  On remand, the Appeals Council will remand the case to the ALJ and direct the ALJ to offer Plaintiff a new administrative hearing and issue a new decision.  Because Defendant agrees that the case should be remanded, and Plaintiff has no objection, the Court will grant Defendant's motion for reversal and remand under sentence four.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Remand Reverse and Remand (ECF No. 22) be **GRANTED** and this cause be reversed and remanded to the Commissioner

---

[1] The undersigned agrees that sentence four's phrase "upon the pleadings and transcript of the record" supports the interpretation that plenary review is necessary before remand.  However, the statute does not explicitly mandate such in depth evaluation.  In the instant case, such review would serve no useful purpose, as the Commissioner has moved for a sentence four remand based upon infirmities in the ALJ's decision, and Plaintiff has no objection to the motion.

pursuant to sentence four of 42 U.S.C. § 405(g).  A separate Judgment in accordance with this Memorandum and Order is entered this same date.

/s/ Terry I. Adelman<br>
UNITED STATES MAGISTRATE JUDGE

Dated this   24th   day of October, 2013.